

**KSB / ALL**
**Transmittal Number: 27066070**
**Date Processed: 06/07/2023**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Julie Heine<br>Seyfarth Shaw LLP - Equifax<br>1075 Peachtree St NE<br>Ste 2500<br>Atlanta, GA 30309-3958 |
| **Electronic copy provided to:** | Beth Hope<br>Lisa Gonzalez<br>Kristin Zielmanski<br>Jessica Spurlock<br>Legal Department<br>Marteese White<br>Nadia Reynaga-Moreno<br>Eric Block<br>Janise Jordan<br>D'Khorvillyn Tyus<br>Deborah Fataki<br>Mackenzie Cole<br>Adrienne Adams<br>Trent McNeill<br>Luke Donohue<br>Jennifer Fease<br>Dee Davis<br>Elisa Lyons |

| | |
|---|---|
| **Entity:** | Equifax Information Services LLC<br>Entity ID Number  0635578 |
| **Entity Served:** | Equifax Information Services, LLC |
| **Title of Action:** | Kelsey Krueger vs. Equifax Information Services, LLC |
| **Matter Name/ID:** | Kelsey Krueger vs. Equifax Information Services, LLC (14167715) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Hennepin County District Court, MN |
| **Case/Reference No:** | Not shown |
| **Jurisdiction Served:** | Minnesota |
| **Date Served on CSC:** | 06/07/2023 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Minndak Law, PLLC<br>701-840-6993 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/ Misc. |

Kelsey Krueger, )
)
       Plaintiff, )
)
v. )
)        **SUMMONS**
Equifax Information Services, LLC, )
)
)
       Defendant. )
)
)
)

    1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this Summons.

    2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

        625 Main Ave, Suite 152
        Moorhead, MN 56560

    3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

    4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN**

1

**RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the Complaint.

     5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

     6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: June 3, 2023

**MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

2

| | | |
|---|---|---|
| **STATE OF MINNESOTA**<br>**County of Hennepin** | Judicial District:<br>Case Type: | **DISTRICT COURT**<br>Fourth<br>Civil Other/ Misc. |

| | |
|---|---|
| Kelsey Krueger,<br><br>Plaintiff,<br><br>v.<br><br>Equifax Information Services, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      **COMPLAINT**<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiff, by and through her attorney, for her complaint against Defendant upon personal knowledge as to her own facts and conduct and on information and belief as to all other matters, states and alleges as follows:

## INTRODUCTION

The following case involves a major credit reporting agency falsely reporting incorrect information concerning the Numerica CR UN-Visa, Westmark Credit Union and Bonneville Collections tradelines. Defendant Equifax Information Services, LLC ("Equifax") has repeatedly reported incorrect information regarding the balances despite Plaintiff's attempts to correct the highly prejudicial false credit information contained in Plaintiff's report. Despite repeated attempts to correct this information, Defendant conducted an unreasonable reinvestigation and verified the inaccurate information. The effect of Defendant's actions was damage to Plaintiff's credit score frustrating, if not totally preventing, her ability to utilize the credit system. Based on the false information reported by

3

Defendant, Plaintiff was rejected for a credit card. Without other recourse available and after numerous attempts to amicably resolve this matter, Plaintiff commenced the action.

### STATEMENT OF JURISDICTION AND VENUE

1. This Court has Jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1681 et. seq., The Fair Credit Reporting Act ("FCRA"), which permits consumers to file suit in the courts of their respective states.

2. Venue is proper pursuant to Minn. Stat. §542.09 because the cause of action arose within the State of Minnesota and the County of Hennepin.

### PARTIES

3. Plaintiff is informed and believes, and thereon alleges, that at all times relevant Defendant conducted business in the State of Minnesota and in the County of Hennepin.

4. Equifax Information Services, LLC ("Equifax") is a nationally recognized agency (CRA) registered in the State of Georgia with a service of process address listed as 2345 Rice Street, Suite 230, Roseville, Minnesota.

### FACTS

5. Plaintiff is an individual, and, therefore, at all times mentioned herein was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

6. Defendant ("CRA") prepared and issued consumer reports concerning Plaintiff that included false and inaccurate information.

7. In March 2023, Plaintiff noticed that there were accounts that were inaccurately reporting on his credit report. Specifically, she noticed that both the Westmark Credit Union

4

and Bonneville were both reporting balances for one account. The account with Westmark Credit Union was sold to Bonneville collections, but because both furnishers were reporting a balance, the debt was more than doubled.

8.  Plaintiff promptly disputed the inaccurate accounts with the CRA.

9.  Specifically, Plaintiff sent Defendant such notice via certified mail on or about March 20, 2023.

10. Plaintiff is in possession of copies of those letters verified as accurate and unchanged by a third party, and Plaintiff is in possession of certified mail receipts proving the letters were mailed and delivered.

11. Defendant responded to Plaintiff's dispute but verified inaccurate information.

12. Various individuals seeking to lend to Plaintiff consulted the consumer reports furnished by Defendant containing the false and misleading information at issue.

13. As a result of Defendant's conduct, Plaintiff suffered from anger, frustration, anxiety, and humiliation and has been unfairly excluded from the benefits of the credit system.

14. Plaintiff was further harmed by incurring legal and professional fees in consulting with various experts regarding the course of action for correcting the errors and in bringing this suit.

**APPLICABLE STATUTORY LAW**

15. CRAs that sell consumer reports must comply with the FCRA. FCRA Section 604, 15 USC § 1681i(b), requires CRAs to assure that users have a permissible purpose for the use of

consumer reports. The Consumer Financial Protection Bureau has recently emphasized the growing importance of the FCRA's data privacy protections.1

16.     FCRA Section 607(b), 15 U.S.C. § 1681e(b), requires a CRA to establish and follow reasonable procedures to assure the maximum possible accuracy of consumer report information, including assuring that only information pertaining to the consumer at issue is contained in his or her report and that procedures exist to assure outdated information is not contained on consumer reports.

17.     Section 611 of the FCRA, 15 U.S.C. § 1681i, requires a CRA, upon notice of disputed information, to conduct a reasonable reinvestigation to determine the accuracy of information disputed by a consumer who is the subject of a report.

18.     The same section requires that notice of the reinvestigation to be promptly provided to the furnisher of the credit information.

19.     CRAs must also assure that outdated and obsolete information is removed from reports. Section 605 of the FCRA, 15 U.S.C. § 1681c addresses the maximum time that various accounts may be listed on a consumer credit report.

## FIRST COUNT

### Willful Noncompliance with the FCRA

20.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21.     The CRA willfully failed to comply with the requirements of FCRA, including but not limited to:

---

[1] https://www.govinfo.gov/content/pkg/FR-2022-07-12/pdf/2022-14823.pdf

a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

d. failing to comply with the requirements of 15 USC § 1681g;

e. failing to comply with the requirements of 15 USC § 1681i; and

As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## SECOND COUNT

### Negligent Noncompliance with the FCRA

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. The CRA negligently failed to comply with the requirements of FCRA, including but not limited to:

7

    a. failing to comply with the requirements of Section 605, 15 USC § 1681c(4), in publishing a report with obsolete information.

    b. failing to comply with the requirements of Section 611, 15 USC § 1681i, in failing to conduct a reinvestigation of the disputed.

    c. failing to follow reasonable procedures to assure maximum possible accuracy of the information in reports concerning Plaintiff, as required by 15 USC § 1681e(b);

    d. failing to comply with the requirements of 15 USC § 1681g;

    e. failing to comply with the requirements of 15 USC § 1681i; and

24.    As a result of Defendant's failure to comply with the requirements of the FCRA, Plaintiff has suffered, and continues to suffer, actual damages, including economic loss, lost opportunity to receive credit, damage to reputation, interference with her normal and usual activities, emotional distress, anger, frustration, humiliation, anxiety, fear, worry, and related health problems, for which Plaintiff seeks damages in an amount to be determined by the jury.

## Jury Demand

25.    Plaintiff hereby demands a trial by jury.

## Prayer for Relief

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

b. statutory damages in an amount up to $1,000.00 per violation per plaintiff, pursuant to 15 U.S.C. §1681n;

c. Injunctive relief prohibiting such conduct in the future;

d. Reasonable attorney's fees, litigation expenses, and cost of suit; and

e. Any other relief deemed appropriate by this Honorable Court.

Dated: June 3, 2023                    **MINNDAK LAW, PLLC**

/s/Catrina Smith
Catrina Smith (#0403229)
625 Main Ave, Suite 152
Moorhead, MN 56560
701.840.6993
Csmith@minndaklaw.com
ATTORNEY FOR PLAINTIFF

9